**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted September 12, 2006
Decided October 3, 2006

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** KENNETH F. RIPPLE, Circuit Judge

**Hon.** DANIEL A. MANION, Circuit Judge

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| **No**. 06-2413 **v.** | |
| GARY R. GEORGE, *Defendant-Appellant.* | No. 03-CR-259 Rudolph T. Randa, *Chief Judge.* |

**Order**

Our initial opinion in this case affirmed the judgment and all aspects of the sentence except for restitution. *United States v. George*, 403 F.3d 470 (7th Cir. 2005). We remanded for further proceedings on that subject because the lack of explanation for the award (roughly $614,000) raised the possibility that the sum included gain to defendant that was not matched by loss to the state, and may have included loss attributable to offenses other than those to which defendant pleaded guilty.

On remand the award was reduced to approximately $569,000, and defendant does not contend that the calculation transgressed any of the legal principles established in our opinion. Nonetheless, he contends, the award remains too high. Neither of defendant's arguments is persuasive, however.

About $273,000 of the restitution represents funds that were paid to Mark Sostarich as a fee for legal services and kicked back to defendant. He maintains that none of this amount represents loss to the victim, because Opportunities Industrialization Center (which received funds from the United States via a program that the State of Wisconsin administered) was satisfied with Sostarich's work and his price. The district judge concluded, however, that Sostarich was willing to do the same work for about 20% of what he charged and had inflated his fee to raise the funds that he funnelled to defendant. That finding is not clearly erroneous; indeed, we affirmed the identical conclusion in *United States v. Gee*, 432 F.3d 713 (7th Cir. 2005), an appeal arising from the prosecution of one of defendant's confederates. Defendant tells us that he disagrees with the holding in *Gee*, but we do not see any reason to depart from its conclusion.

The remainder of the restitution represents the salary of state employees whose time defendant diverted from state business to his personal affairs. Defendant insists that one of these employees still put in 40 hours a week of state work, and that the other (who conceded that he shirked his state duties) should not have been believed. The district judge's findings on contested factual issues may be disturbed only if clearly erroneous, and there is no clear error in the estimate (no greater certainty is possible) that these employees devoted half of their time on the state's payroll to George's private affairs. The award of restitution, representing half of what the state paid them during the time covered by the conviction, therefore is proper.

Affirmed